Williams, Judge,
delivered the opinion:
The plaintiff, an enlisted man of the Navy, now retired, brings this suit to recover the difference in longevity pay based on the total of his service in the Army, Marine Corps, and Navy, and longevity pay based only on his service in the Navy from January 7,1924, to the date of his retirement on January 3, 1930, in the sum of $714. He also claims increased pay based on said service from January 3, 1930.
At the time of his retirement from the Navy, January 3, 1930, he had a total record of service in the Army, Marine Corps, and Navy amounting to 30 years, 14 days.
The issue presented is whether the plaintiff, an enlisted man in the Navy, retired, may count for longevity-pay purposes his previous service in the Army and Marine Corps.
The case turns on the construction of section 10 of the act of June 10,1922 (42 Stat. 629), entitled “ An act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service.”
*321 Section 9 of this act relating to longevity pay of enlisted men of the Army and Marine Corps provides:
“ * * * Existing laws authorizing continuous-service pay for each five years of service are hereby repealed, effective June 30, 1922. Commencing July 1, 1922, * * * enlisted men of the Army and Marine Corps shall receive, as a permanent addition to their pay, an increase of 5 per centum of their base pay for each four years of service in any of the services mentioned in the title of this act, not to exceed 25 per centum. * * * ”
Section 10, relating to longevity pay of enlisted men of the Navy and Coast Guard, provides:
“ * * * On and after July 1, 1922, for purposes of pay, enlisted men of the Navy and Coast Guard shall be distributed in seven grades, with monthly base rates of pay as follows: * * *
“ * * * In lieu of all permanent additions to pay now authorized for enlisted men of the Navy and Coast Guard, they shall receive, as a permanent addition to their pay, an increase of 10 per centum on the base pay of their rating upon completion of the first four years of enlisted service, and an additional increase of 5 per centum for each four years’ service thereafter, the total not to exceed 25 per centum. * * * ”
We think it is clear from the language used in these two sections that Congress did not intend that service in the Army and Marine Corps should be counted for longevity-pay purposes by enlisted men of the Navy. Section 9 specifically provides that enlisted men of the Army and Marine Corps shall receive as a permanent addition to their pay on each of the four years of service “ in any of the services ” mentioned in the title of the act, an increase for each four years of such services, of 5 per centum of their base pay not to exceed 25 per centum.
The words, “ in any of the services mentioned in the title of this act,” are omitted in the language used in section 10, dealing with the longevity pay of enlisted men of the Navy and Coast Guard, who are entitled to receive an increase of 10 per centum on the base pay of their rating upon completion of the first four years of enlisted service, and an additional 5 per centum for each four years thereafter, the total not to exceed 25 per centum.
*322 That Congress intended to provide a different rule in computing the longevity pay of these two groups is shown by the report of the House committee reporting the act of June 10, 1922:
“ * * * An increase of 10 per cent is recommended after the first four years’ service, and three successive increases of 5 per cent for succeeding four-year periods, limited to 25 per cent. This is slightly different from the longevity recommended for the Army and Marine Corps, but the total, 25 per cent, is the same for all services, and the cost will be the same. The 10 per cent increase serves as an incentive to reenlistment and at the same time keeps the first increase at approximately the same amount as is now allowed.” (House Committee on Beadjustment Service Pay Hearings, 67th Congress, 2d session, page 30.)
The Comptroller General in an opinion to the Secretary of the Navy, October 23,1922 (2 Comp. Gen. 280), held that the act of June 10, 1922, does not entitle enlisted men of the Navy to credit for prior service in the Army and Marine Corps:
“While section 9 of the act of June 10, 1922, authorizes for enlisted men of the Army and Marine Corps a per cent increase for ‘ service in any of the services mentioned in the title of this act,’ section 10 limits enlisted men of the Navy and Coast Guard to an increase based on ' enlisted service ’ and places these latter men upon a common basis. By reason of the absence of a definition of what service may be included, as appears for the Army and Marine Corps, there is an apparent intent to limit them to credit for enlisted services upon a common basis.”
We think the construction placed on section 10 of the act of June 10, 1922, by the General Accounting Office is correct. The term “ enlisted service ” as used in the section means service in the Navy or the Coast Guard and not service in any of the other branches of service mentioned in the act. Cases cited by plaintiff, where it has been held the Marine Corps is a part of the Navy, or belongs to the Navy, have no application to the question here involved.
The petition is dismissed. It is so ordered.
Whaley, Judge-; LittletoN, Judge; Greek, Judge; and Booth, Chief Justice, concur.